IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ROBERT L. HALL )  |   |
|    Plaintiff,  ) |   |
|  ) |   |
| v.  ) | Civil Action No. TMD 10-1775 |
|  ) |   |
|  ) |   |
| MICHAEL J. ASTRUE,  ) |   |
| Commissioner of Social Security,  ) |   |
|  ) |   |
|    Defendant.  ) |   |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Robert L. Hall ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 20) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 24). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

I. Procedural History

Plaintiff filed his application on December 6, 2004 alleging disability since February 24, 2004 (subsequently amended to September 1, 2004) due to severe pain, muscle spasms,, inability to sit or stand, cramps in legs, inability to lift, bend, twist or turn and barely the ability to walk. R. at 15, 69-71, 83. His claim was denied initially and on reconsideration. R. at 45-50. On

February 26, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational expert ("VE") testified. R. at 228-54. Plaintiff was represented by counsel. In a decision dated June 18, 2007, the ALJ denied Plaintiff's request for benefits. R. at 12-23. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 5-7.

After Plaintiff filed an appeal in this Court, the case was remanded by consent of the parties. *See Hall v. Commissioner*, Civ. Action No. 8:08-cv-00108-JKS, ECF No. 20. On remand, the Appeals Council determined that further remand to the ALJ was not necessary, adopted and supplemented the findings in the ALJ's June 18, 2007 decision, and determined that Claimant was not disabled. R. at 258-63.

## II.  Decision of the Appeals Council

The Appeals Council adopted the findings of the ALJ who utilized the sequential process set forth in 20 C.F.R. § 404.1520.  At the first step, the ALJ found Claimant had not engaged in substantial gainful activity since his alleged amended onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: disorders of the back (discogenic and degenerative), diabetes and carpal tunnel syndrome. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was incapable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not

disabled.  R. at 12-23, 258-63.

### III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id.*

### IV. Discussion

Plaintiff argues that the Appeals Council erroneously assessed his RFC.  In his June 18, 2007 decision, the ALJ found that Plaintiff was capable of light work with a sit/stand option (stand 15-30 minutes before alternating to sitting 15-30 minutes).  He must avoid climbing ropes, scaffolds and ladders but can perform other postural movements like stooping on an occasional basis.  He must avoid repetitive constant fine/gross manipulation with the right hand

3

and avoid dangerous machinery and unprotected heights.  R. at 18.

On remand, the Appeals Council considered the medical opinion of Dr. Warren Yu, as well as other evidence, to determine if there was a worsening of Plaintiff's condition such that it would require a more restrictive RFC than that outlined above.  R. at 226-27, 258, 260.  Dr. Yu examined Plaintiff on September 7, 2006—approximately 5 months prior to the hearing in this matter.  As the Appeals Council noted, the evidence was submitted after the hearing but was indeed considered by the ALJ in his June, 2007 decision.  R. at 20, 225, 258.  The Appeals Council found that Dr. Yu's opinion was similar to the findings of both Dr. Klein and Dr. McGovern upon which the ALJ based his RFC findings.  R. at 260-61.

Plaintiff argues that the opinion of one-time examiner, Dr. Yu demonstrates that Plaintiff's condition deteriorated subsequent to the examinations of Dr. Klein and Dr. McGovern pointing to various differences among the three reports.  However, the ultimate issue for the Court is whether substantial evidence supports the decision of the Appeal's Council that the RFC was not in error.  At the outset, the Court notes that nowhere does Plaintiff explain how the findings of Dr. Yu would lead to more restrictive findings that those in the RFC.  The Appeals Council specifically noted that certain of Dr. Yu's findings were similar to earlier findings.  Significantly, Dr. Yu noted that Claimant's pain was his predominant issue and that pain was described as "reasonably tolerable."  R. at 260-61.  *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (tolerable pain does not equate with disabling pain).  Dr. Wu, like Dr. Klein, also recommended surgery but described it as elective.  The Appeals Council noted that there was no record of other pain management including medication, physical therapy, electrical

4

stimulation or injections since Claimant's visit with Dr. Yu.  Significantly, following Dr. Klein's November, 2004 opinion through the February, 2007 hearing, the record showed only sporadic treatment for back pain –which Plaintiff does not contest.  R. at 260.

In short, the findings of Dr. Wu are not so significantly different from the other evidence in the record as Plaintiff would have the Court believe.  While not identical to the findings of the other physicians who examined Plaintiff in 2004 and 2005, his findings simply do not compel the requirement of a more restrictive RFC.  In fact, the ALJ had those findings before him and accurately summarized them within his opinion.  R. at 20.  The Appeals Council evaluated Dr. Wu's report in further detail and the Court finds that its ultimate adoption of the ALJ's findings supported by substantial evidence.

Plaintiff also argues that the ALJ did not properly account for Dr. Goodman's opinion regarding his alleged hand impairment.  The ALJ indicated that Dr. Goodman opined that Claimant should avoid "repetitive motion activities . . ." R. at 21, 213.  The ALJ stated that he afforded that opinion great weight as it was supported by findings on electrodiagnostic testing. R. at 21.  Plaintiff argues that the ALJ's restriction in the RFC that Claimant must avoid "repetitive constant fine/gross manipulation" with his right hand does not adequately account for Dr. Goodman's opinion.  R. at 18.  Plaintiff asserts that this restriction would permit Plaintiff to perform repetitive motion activities on a frequent basis rather than avoiding them altogether.  Plaintiff argues this effectively rejects Dr. Goodman's restriction.  To the extent there is some inconsistency between these findings, the Court finds that the ALJ's limitation is largely consistent with his decision to give the opinion "great weight" and other evidence in the

record that Plaintiff's carpel tunnel syndrome was limited to his right hand and was described as "moderate." R. at 213. *See also* R. at 243 (testimony at hearing that numbness and tingling does not happen often and that he wears splint maybe only twice per week).

Date: April 18, 2013

                                                                                            _____/s/_____
                                                                                            THOMAS M. DIGIROLAMO
                                                                                            United States Magistrate Judge